**Electronically Filed
Intermediate Court of Appeals
29879
31-MAY-2012
09:54 AM**

NO. 29879

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

G.Y., Plaintiff-Appellant/Cross-Appellee,
v.
B.Y., Defendant-Appellee/Cross-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 05-1-2047)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

The appeal and cross-appeal in this case arise from Plaintiff-Appellant/Cross-Appellee G.Y.'s (Wife) motion for relief from divorce decree pursuant to Hawai'i Family Court Rules (HFCR) Rule 60(b)(3) (Motion For Relief From Decree), filed November 29, 2007, alleging that Defendant-Appellee/Cross-Appellant B.Y. (Husband) fraudulently concealed a bank account in China allegedly containing approximately $3.9 million.

Wife appeals from the following post-decree orders entered by the Family Court of the First Circuit (family court):[1] the May 7, 2009 Findings of Fact and Conclusions of Law and Order Granting Defendant's Motion for Summary Judgment, Denying Without Prejudice Plaintiff's Motion for Relief from November 29, 2006, Divorce Decree and Dismissing Defendant's Motion for Protective

_____

[1] The Honorable Frances Q.F. Wong presided.

Order (Order Granting Summary Judgment); and the August 27, 2009 Order Granting Defendant's Motion for Attorney's Fees and Costs (Order Granting Fees and Costs).

Wife's points of error on appeal are that: (1) the family court erroneously granted Husband's motion for summary judgment and denied Wife's request that she be allowed to conduct further discovery pursuant to HFCR Rule 56(f); and (2) the family court erroneously granted Husband's motion for attorney's fees pursuant to HFCR Rule 68.

In his cross-appeal, Husband's points of error are that the family court erred: (1) by denying Husband's motion to dismiss Wife's Motion For Relief From Decree, which included a request for fees and costs pursuant to HFCR Rule 11; (2) by granting Husband's motion for summary judgment but denying Wife's Motion For Relief From Decree "without prejudice;" and (3) in regard to Husband's May 28, 2008 motion for attorney's fees and costs, by reducing Husband's request for fees and costs under HFCR Rule 68 and by ignoring his additional request for fees and costs based on HFCR Rule 11 and the court's inherent power to sanction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, the parties' points of error are resolved as follows.

(1) Wife contends that the family court erred in refusing to allow her to conduct further discovery pursuant to her HFCR Rule 56(f) request.[2] As part of this point of error,

---

[2] HFCR Rule 56, pertaining to summary judgment, states in relevant part:

> **(f) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or

(continued...)

Wife asserts that the family court clearly erred in its finding of fact (FOF) 11.[3]  However, we review the family court's denial of Wife's HFCR Rule 56(f) request for an abuse of discretion. See Acoba v. Gen. Tire, Inc., 92 Hawai'i 1, 9, 986 P.2d 288, 296 (1999).

Wife filed her Motion For Relief From Decree on November 29, 2007 (one year after entry of the divorce decree). Attached to that motion was Wife's affidavit attesting, *inter alia*, that: "I have now just discovered that the Respondent has an account . . . titled in his name alone at City Commercial Bank . . . in Chengdu, China.  This account most recently had a balance of $3,898,565.28."

Almost fifteen months later, on February 13, 2009, Husband filed his motion for summary judgment.  Attached to his motion was Husband's declaration which specifically attested that he did not and does not have an account as described in Wife's affidavit attached to her Motion For Relief From Decree.

In her memorandum opposing Husband's motion, Wife acknowledged that she had no admissible evidence regarding the account in China, and her attached affidavit attested that she brought her Motion For Relief From Decree based on information obtained from investigators she had hired.  No declaration or affidavit from her investigators were attached.  Rather, Wife argued why she had failed to undertake the necessary discovery

_____

[2]  (...continued)
    depositions to be taken or discovery to be had or may make
    such other order as is just.

[3]  FOF 11 states:

    [Wife] argues that she is entitled to a reasonable
    amount of time to conduct further discovery under Rule
    56(f), Hawaii Family Court Rules. [Wife] claims that she was
    hoping to obtain the necessary evidence from [Husband]
    before incurring the expenses of conducting discovery on
    third parties, such as City Commercial Bank in China.  The
    Court finds that [Wife] has had ample opportunity and time
    to conduct discovery, formally or informally, to at least
    address a summary judgment proceeding.

regarding the China account, particularly that because international discovery is expensive and time consuming, she first sought discovery in requests to Husband which were served on December 29, 2008 (over a year after her Motion For Relief From Decree had been filed).

On May 7, 2009, the family court issued its Order Granting Summary Judgment.

On appeal, Wife argues that she did not have ample time to conduct discovery because Husband argued that discovery should be postponed until the family court ruled on his motion to dismiss, that the parties' counsel "agreed, or at least had an understanding" that discovery would not be commenced until the motion to dismiss was decided, and that when Wife finally issued discovery requests to Husband he filed a motion for protective order.  The record does not support Wife's claim that there was an agreement or understanding among counsel that discovery would be postponed until Husband's motion to dismiss was decided.

Wife further argues on appeal that she provided sufficient reasons to warrant an HFCR 56(f) continuance because she was trying to avoid expensive international discovery.  This argument is also unavailing.  A trial court does not abuse its discretion by denying further discovery if the movant has failed to diligently pursue discovery in the past.  See Wilder v. Tanouye, 7 Haw. App. 247, 253, 753 P.2d 816, 821 (1988).  First, Wife did not serve discovery requests on Husband until over a year after she filed her Motion For Relief From Decree.  Second, Wife's Motion For Relief From Decree was based on the assertion that Husband had fraudulently concealed the China account, including misrepresentations in previous asset disclosures. Given Wife's claim of fraudulent concealment against Husband, it is not persuasive to argue that she waited to commence other discovery until discovery from Husband proved futile.

We conclude that the family court did not abuse its discretion in denying Wife's request for an HFCR 56(f) continuance.

(2) Wife next challenges the family court's award of $33,541.89 in attorney's fees and $1,544.20 in costs pursuant to HFCR Rule 68. We conclude that the family court did not have jurisdiction to act upon Husband's motion for attorney's fees and costs.

The family court issued its Order Granting Summary Judgment on May 7, 2009. On May 28, 2009, Husband filed his motion for attorney's fees and costs, pursuant to HFCR Rules 7, 11, 56(g) and 68. On June 8, 2009, Wife filed a timely Notice of Appeal from the Order Granting Summary Judgment. On June 10, 2009, Wife filed her memorandum in opposition to Husband's motion for attorney's fees and costs. On June 19, 2009, Husband filed a timely Notice of Cross-Appeal. Thereafter, on August 27, 2009, the family court issued its Order Granting Fees and Costs.

Based on the record in this case, the family court ruled on the motion for attorney's fees and costs while the case was already on appeal. In a similar situation, this court held that "[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal." Wong v. Wong, 87 Hawaiʻi 475, 486, 960 P.2d 145, 156 (App. 1998) (citations omitted). Moreover, the Hawaiʻi Supreme Court recently ruled that, notwithstanding amendments to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a), the family court "was divested of jurisdiction to hear [a] Rule 68 Motion upon the filing of the notice of appeal." Cox v. Cox, 125 Hawaiʻi 19, 29, 250 P.3d 775, 785 (2011). The supreme court further noted that its holding did not apply where a court rule provides a specific definition for timely filing a motion for attorney's fees. Id. at 28 n.14, 250 P.3d at 785 n.14.

Husband based his request for attorney's fees and costs on HFCR Rules 11, 56(g) and 68.  These court rules do not provide a definition for the timely filing of a motion for attorney's fees or costs.  Therefore, pursuant to Wong and Cox, the family court was divested of jurisdiction to act upon Husband's motion for attorney's fees and costs once Wife filed her Notice of Appeal.  The Order Granting Fees and Costs is void.

As further held in Cox, however, Husband may re-file his motion for attorney's fees and costs after the judgment on appeal is entered because none of the court rules he relies upon place any time limitation on the filing of a motion.  125 Hawai'i at 29, 250 P.3d at 785.

(3) Husband's first point of error is that the family court erred when it converted Husband's motion to dismiss to a motion for summary judgment, ignored the Agreement Incident to Divorce releases, and found genuine issues of material fact.  Because we held above that the family court properly granted Husband's motion for summary judgment, we need not reach Husband's arguments with respect to his motion to dismiss.

Husband also contends that the family court abused its discretion in denying his request for attorney's fees and costs pursuant to HFCR Rule 11, which was filed simultaneously with his motion to dismiss.  We do not agree and conclude that the family court did not abuse its discretion in denying this request.

(4) Husband's second point of error is that the family court erred when it granted his motion for summary judgment but then denied Wife's Motion For Relief From Decree "without prejudice."

As we discussed above, the family court properly concluded that Wife had sufficient time to conduct discovery and thus rejected Wife's request for a HFCR Rule 56(f) continuance.  The family court further concluded that: Husband was competent to testify that he had no interest in the alleged China account and

did not conceal it or defraud Wife; Wife had not adduced any factual basis to support the existence of the account or that Husband had concealed such an account from her; Wife had failed to show that she was competent to testify as to the existence of the account and only offered hearsay information and unsubstantiated conclusory allegations. The family court thus concluded that Wife failed to produce any admissible evidence to show that a genuine issue of fact exists for trial. On appeal, Wife only challenges the family court's denial of her request for a HFCR Rule 56(f) continuance, and does not raise any point of error as to the family court's determination that she failed to adduce evidence showing that there was a genuine issue of material fact.

HFCR Rule 56(c) provides, in relevant part that: "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Husband's motion requested that the family court rule as a matter of law that he had no interest or claim in the subject bank account before or at the time of the parties' divorce and that he did not conceal the account or otherwise defraud Wife about the account. These were the issues raised in Wife's HFCR Rule 60(b)(3) Motion For Relief From Decree.

The family court based its decision on summary judgment standards. Therefore, under HRCP Rule 56(c) Husband was "entitled to a judgment as a matter of law." A ruling on summary judgment addresses the merits of the case. See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2712, at 212 (1998) ("Rule 56 is not merely a dilatory or technical procedure; it affects the substantive rights of the litigants. A

summary-judgment motion goes to the merits of the case[.]")
(internal footnotes omitted).[4]

Therefore, pursuant to our *de novo* review regarding the
summary judgment ruling, we conclude that the family court's
granting of Husband's summary judgment motion necessarily
required that it adjudicate Wife's Motion For Relief From Decree
on the merits. The denial of Wife's HFCR Rule 60(b)(3) Motion
For Relief From Decree must be "with prejudice."

(5) Husband's third point of error challenges the
family court's August 27, 2009 Order Granting Fees and Costs to
Husband, in that it did not award him fees and costs to the
extent he had requested. As discussed above, once Wife filed her
Notice of Appeal on June 8, 2009, the family court was divested
of jurisdiction to act upon Husband's May 28, 2008 motion for
attorney's fees and costs. As further set forth above, however,
Husband may re-file his motion for attorney's fees and costs
after the judgment on appeal is entered.

Therefore, IT IS HEREBY ORDERED THAT:

1) The family court's May 7, 2009 Order Granting
Summary Judgment is modified in that the denial of Wife's HFCR
Rule 60(b)(3) "Motion For Relief From November 29, 2006 Divorce
Decree" is *with* prejudice. The Order Granting Summary Judgment
is affirmed in all other respects.

---

[4] HFCR Rule 56, like Hawai'i Rules of Civil Procedure (HRCP) Rule 56,
is substantially similar to a prior version of Federal Rules of Civil
Procedure (FRCP) Rule 56, and therefore we may rely on authorities addressing
the similar version of FRCP Rule 56. See Thomas v. Kidani, 126 Hawai'i 125,
130 n.5, 267 P.3d 1230, 1235 n.5 (2011).

2) The family court's August 27, 2009 Order Granting Fees and Costs is vacated as void for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 31, 2012.

On the briefs:

Charles T. Kleintop
Dyan M. Medeiros
Naoko C. Miyamoto
(Kleintop, Luria & Medeiros, LLP)
for Plaintiff-Appellant/
  Cross-Appellee

Chunmay Chang
Peter Van Name Esser
for Defendant-Appellee/
  Cross-Appellant

Chief Judge

Associate Judge

Associate Judge

9